UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

LARRELL WILLIAMS,

        Petitioner,

  v.                                        Case No. 23-cv-89-pp

LIZZIE TEGELS,

        Respondent.

---

**ORDER SCREENING *HABEAS* PETITION (DKT. NO. 1) AND REQUIRING RESPONDENT TO FILE ANSWER OR RESPONSIVE PLEADING**

---

On January 23, 2023, the petitioner, representing himself, filed a petition for writ of *habeas corpus* under 28 U.S.C. §2254, challenging his 2018 conviction for possession of a firearm by a prohibited person, armed robbery with use of force and reckless endangerment. Dkt. No. 1. He has paid the $5.00 filing fee. This order screens the petition under Rule 4 of the Rules Governing Section 2254 Cases. Because it does not plainly appear from the face of the petition that the petitioner is not entitled to relief, the court will order the respondent to answer or otherwise respond.

**I.    Background**

The petition refers to Milwaukee County cases "18-CF-5660" and "19-CF-128." Dkt. No. 1 at 1. The court has reviewed the publicly available dockets for both cases. State v. Williams, Milwaukee County Case No. 2018CF5660 and

1

State v. Williams, Milwaukee County Case No. 2019CF128 (both available at https://wcca.wicourts.gov).

In Case No. 2018CF5660, the docket indicates that the State filed a criminal complaint against the petitioner on November 30, 2018. Williams, Milwaukee County Case No. 2018CF5660. In Case No. 2019CF128, the docket indicates that the State filed a criminal complaint against the petitioner on January 9, 2019. Williams, Milwaukee County Case No. 2019CF128. According to both dockets, the circuit court joined the cases on April 18, 2019.

On October 31, 2019, a jury found the petitioner guilty of two counts of possession of a firearm by a prohibited person, one count of second-degree reckless endangerment and one count of armed robbery. Id. On December 18, 2019, the court sentenced the petitioner to sixteen years of initial confinement followed by thirteen years of extended supervision. Id. The court entered judgment the same day. Id. On March 12, 2021, the petitioner filed a motion for postconviction relief. Id. On June 22, 2021, the circuit court denied the motion. Id. On April 5, 2022, the Wisconsin Court of Appeals affirmed the judgment of conviction and order denying the postconviction motion. See State v. Williams, 2021AP1237-CR, 2021AP1238-CR (available at https://www.wicourts.gov/). On August 3, 2022, the Wisconsin Supreme Court denied the petition for review. Id.

**II.     Rule 4 Screening**

    A.     Standard

Rule 4 of the Rules Governing §2254 proceedings provides:

2

> If it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion or other response within a fixed time, or to take other action the judge may order.

A court allows a *habeas* petition to proceed unless it is clear that the petitioner is not entitled to relief in the district court. At the screening stage, the court expresses no view as to the merits of any of the petitioner's claims. Rather, the court reviews the petition and exhibits to determine whether the petitioner alleges he is in custody in violation of the "Constitution or laws or treaties of the United States." 28 U.S.C. §2254(a). If the state court denied the petition on the merits, this court can grant the petition only if the petitioner is in custody as a result of: (1) "a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the United States Supreme Court, or (2) "a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. §2254(d).

The court also considers whether the petitioner filed within the limitations period, exhausted his state court remedies and avoided procedural default. Generally, a state prisoner must file his *habeas* petition within one year of the judgment becoming final. 28 U.S.C. §2254(d)(1)(A). In addition, the state prisoner must exhaust the remedies available in the state courts before the district court may consider the merits of his federal petition. 28 U.S.C. §2254(b)(1)(A). If the district court discovers that the petitioner has included an unexhausted claim, the petitioner either must return to state court to exhaust

3

the claim or amend his petition to present only exhausted claims. Rose v. Lundy, 455 U.S. 509, 510 (1982).

Finally, even if a petitioner has exhausted a claim, the district court may still be barred from considering the claim if the petitioner failed to raise the claim in the state's highest court in a timely fashion or in the manner prescribed by the state's procedural laws. See O'Sullivan v. Boerckel, 526 U.S. 838, 848 (1999); Thomas v. McCaughtry, 201 F.3d 995, 1000 (7th Cir. 2000).

B. The Petition

The petitioner raises three grounds for relief: (1) ineffective assistance of trial counsel; (2) the petitioner is entitled to a federal evidentiary hearing on the issue he raised in the first ground; and (3) a violation of the petitioner's due process rights under the Fourteenth Amendment based on a detective's failure to preserve his interview notes. Dkt. No. 1 at 5-9.

Grounds one and three allege claims that generally are cognizable on federal *habeas* review. See Adeyanju v. Wiersma, 12 F.4th 669, 673 (7th Cir. 2021) (considering ineffective assistance of trial counsel claim on *habeas* review); Jones v. McCaughtry, 965 F.2d 473 (1992) (considering due process claim concerning government's duty to preserve possible evidence on federal *habeas* review).

Ground two does not allege a claim that is cognizable on federal *habeas* review. Rule 8(a) of the Rules Governing Section 2254 Cases says that if a court does not dismiss a *habeas* petition, it must review all the materials submitted and determine whether it believes there is a need for an evidentiary hearing. In

4

cases where a petitioner did not fully develop the factual basis of his claim in state court, the federal court "shall not hold an evidentiary hearing on the claim" unless (a) the claim relies on a new rule of constitutional law that was not available at the time of the state court proceedings, or on facts that could not previously have been discovered through diligent effort, and (b) the facts supporting the claim would show by clear and convincing evidence that no reasonable factfinder would have found the petitioner guilty. 28 U.S.C. §2254(e). After the court has thoroughly reviewed all the pleadings—including the respondent's responsive pleadings—it will decide whether an evidentiary hearing is warranted under the rules and the statute. A request for an evidentiary hearing does not constitute a separate ground for relief. If the court concludes that an evidentiary hearing is required to determine whether the petitioner is entitled to relief on his claims, it will schedule one.

The publicly available docket indicates that the Wisconsin Supreme Court denied the petition for review on August 3, 2022. It appears that the petitioner's conviction would have become final ninety days later—that is, by November 1, 2022. See United States Supreme Court Rule 13. The petitioner filed this federal *habeas* petition on January 23, 2023. That said, a claim that a petition was not timely filed is an affirmative defense, and that means "the state has the burden of showing that the petition is untimely." Gildon v. Bowen, 384 F.3d 883, 886 (7th Cir. 2004) (citing Acosta v. Artuz, 221 F.3d 117, 121-22 (2d Cir. 2000)). At this stage, the court will allow the petitioner to proceed on grounds one and three.

5

### III. Conclusion

The court **ORDERS** that the petitioner may proceed on grounds one and three in his *habeas* petition.

The court **ORDERS** that within sixty days of the date of this order, the respondent must answer or otherwise respond to the petition, complying with Rule 5 of the Rules Governing §2254 Cases, and showing cause, if any, why the writ should not issue.

The court **ORDERS** that the parties must comply with the following schedule for filing briefs on the merits of the petitioner's claims:

(1) the petitioner has forty-five days after the respondent files the answer to file a brief in support of his petition;

(2) the respondent has forty-five days after the petitioner files his initial brief to file a brief in opposition;

(3) the petitioner has thirty days after the respondent files the opposition brief to file a reply brief, if he chooses to file such a brief.

If, instead of filing an answer, the respondent files a dispositive motion:

(1) the respondent must include a brief and other relevant materials in support of the motion;

(2) the petitioner then must file a brief in opposition to that motion within forty-five days of the date the respondent files the motion;

(3) the respondent has thirty days after the petitioner files his opposition brief to file a reply brief, if the respondent chooses to file such a brief.

6

The parties must submit their pleadings in time for the court to *receive* them by the stated deadlines.

Under Civil Local Rule 7(f), briefs in support of or in opposition to the *habeas* petition and any dispositive motions shall not exceed thirty pages, and reply briefs may not exceed fifteen pages—not counting any statements of fact, exhibits and affidavits. The court asks the parties to double-space any typed documents.

Under the Memorandum of Understanding between the Wisconsin Department of Justice (DOJ) and the U.S. District Court for the Eastern District of Wisconsin, the court will notify the DOJ (through the Criminal Appeals Unit Director and lead secretary) of this order via Notice of Electronic Filing (NEF). The DOJ will inform the court within twenty-one days of the date of the NEF whether it will accept service on behalf of the respondent (and, if not, the reason for not accepting service and the last known address of the respondent). The DOJ will provide the pleadings to the respondent on whose behalf it has agreed to accept service of process.

Dated in Milwaukee, Wisconsin this 28th day of February, 2023.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**