UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

LARRELL WILLIAMS,

     Petitioner,

               Case No. 23-cv-89-pp

 v.

TIM THOMAS,[1]

     Respondent.

**ORDER GRANTING RESPONDENT'S PARTIAL MOTION TO DISMISS
*HABEAS* PETITION (DKT. NO. 8) AND SETTING BRIEFING SCHEDULE ON
REMAINING *HABEAS* CLAIM**

On January 23, 2023, the petitioner, who is representing himself, filed a petition for a writ of *habeas corpus* under 28 U.S.C. §2254, challenging his 2018 conviction for possession of a firearm by a prohibited person, armed robbery with use of force and reckless endangerment. Dkt. No. 1. This court screened the petition and allowed the petitioner to proceed on two of the three grounds stated in the petition. Dkt. No. 5. On April 25, 2023, the respondent filed a motion to dismiss, arguing that the petitioner had procedurally defaulted on the remaining grounds. Dkt. No. 8. The petitioner opposes the motion. Dkt. No. 11. The court will grant the respondent's partial motion to

---

[1] Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts states that if a petitioner is in custody under a state-court judgment, the petition must name as the respondent the state officer who has custody of the petitioner. The court has changed the caption to reflect that Tim Thomas is the warden of New Lisbon Correctional Institution.

1

dismiss, dismiss the petition in part and set a briefing schedule on the remaining claim.

## I.    **Background**

### A.    State Case and Post-Conviction Proceedings

On October 31, 2019, a state-court jury found the petitioner guilty of two counts of possession of a firearm by a prohibited person, one count of second-degree reckless endangerment and one count of armed robbery. State v. Williams, Milwaukee County Case Nos. 2018CF5660 and 2019CF12[2] (available at https://wcca.wicourts.gov). The state court sentenced the petitioner to sixteen years of initial confinement and thirteen years of extended supervision. Id.

On March 12, 2021, the petitioner filed a state post-conviction motion alleging that the trial court had erred in denying his motion to suppress a gun recovered from his vehicle, that his trial counsel was ineffective in several ways and that his due process rights were violated. Id.; Dkt. No. 9-1 at ¶¶6, 8. The circuit court denied that motion and the petitioner appealed. Dkt. No. 9-1 at ¶9.

On April 5, 2022, the Wisconsin Court of Appeals affirmed. Id. at ¶34. In a *per curiam* opinion, the appellate court explained the facts of the case:

> The charges against [the petitioner] stem from his role in a robbery set up through a fake car sale advertised on Craigslist. In October 2018, T.R., via text messages and emails, negotiated the purchase of an Audi listed in the advertisement, and was to meet the seller in an alley around North 70th Street in Milwaukee. T.R. told police that he was robbed by two Black males at the meeting

---

[2] The petitioner's cases were consolidated for trial.

place, one of whom pulled a handgun and fired a shot into the ground by T.R.'s feet. Police recovered a spent shell casing at the scene.

Subsequently, in November 2018, officers on routine patrol spotted a vehicle parked at a gas station on West Appleton Avenue in Milwaukee. The officers observed that the vehicle did not have a front license plate, and that its windows were darkly tinted. When the officers ran the rear license plate, they found that there was no specific vehicle information attached to the plate, but that it had been registered in Portage, Wisconsin.

The officers were attempting to make contact with a female passenger in the vehicle when a male exited the gas station and came toward the vehicle. The officers made contact with him; he was identified as [the petitioner], and stated that he owned the vehicle. The officers could smell marijuana on [the petitioner] as well as coming from inside the vehicle. The officers therefore conducted a search of the vehicle, and discovered a handgun behind the passenger seat. [The petitioner] attempted to flee on foot, but was apprehended and arrested.

A test of the gun found in [the petitioner's] vehicle indicated that it was the same gun used in the Craigslist robbery. The cases were joined for trial.

Prior to trial, [the petitioner] filed a motion to suppress the evidence found in his vehicle—most notably, the gun—asserting that the officers lacked reasonable suspicion to conduct the search. After a hearing on the motion, at which one of the arresting officers testified, the trial court denied [the petitioner's] motion, finding that the lack of a front license plate was a sufficient reason to justify the search.

Id. at ¶¶2-6.

The court of appeals found that the trial court properly had denied the petitioner's suppression motion because of the lack of a front license plate and illegal window tint, as well as the smell of marijuana coming from the car and the fact that one of the officers previously had issued the petitioner a citation for driving the same car with a different license plate. Id. at ¶¶14–17.

3

The court of appeals then addressed the petitioner's ineffective assistance of counsel claims. Id. at ¶18. Citing State v. Allen, 274 Wis. 2d 568 (Wis. 2004), the court recounted that the petitioner must allege "sufficient material facts that, if true, would entitle [him] to relief" to obtain an evidentiary hearing on his ineffective assistance of counsel claims. Id. at ¶19. The court addressed the petitioner's first assertion that his counsel was ineffective for failing to file a Daubert[3] motion to exclude the testimony of the firearms and tool mark examiner from the Wisconsin State Crime Lab about the tests she'd performed on the shell casing found at the robbery scene and the gun found in the petitioner's vehicle. Id. at ¶21. The court found that the examiner's testimony about her education, training and prior testimony as an expert witness established her qualifications. Id. at ¶22. It found that the trial court properly had admitted the expert witness's testimony, so counsel was not deficient for failing to file a Daubert motion that the appellate court concluded would have been without merit. Id. at ¶23.

The petitioner's next ineffective assistance of counsel claim alleged that counsel had "failed to request a jury instruction regarding the investigating police detective's failure to keep notes of the witness interviews he conducted after the robbery." Id. at ¶24. The court recounted:

> As the detective explained in his testimony, T.R. came into the police station with two friends to report the robbery. The detective took statements from all three men; however, the detective suspected that the statements by the two friends were "tainted," in that they described the incident the same way that T.R. had, yet they had

---

[3] Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579 (1993), governing qualification of expert scientific witnesses.

> indicated that they had fled when they heard the shot fired by [the
> petitioner]. Furthermore, they were not able to provide a description
> of the shooter. Thus, the detective believed that T.R.'s friends were
> simply repeating what T.R. had told them about the incident. As a
> result, the detective prepared a report of T.R.'s statement, but did
> not prepare reports of the statements given by his friends. The
> detective admitted on cross examination that he was unable to
> locate his notes regarding the statements of T.R.'s friends, and that
> his testimony was based on his memory of the interviews.

Id.

Again citing Allen, the court found that the petitioner had not adequately pled this claim. Id. at ¶25. The court found that the petitioner did "not explain what jury instruction should have been requested, or why such an instruction was required . . . . [or] how an instruction on this matter would have had an effect on the outcome of the trial." Id. It said that the petitioner had "merely speculate[d]" that if the notes had been available, they might have exposed inconsistencies in the statements, giving the jury reason to question the identification of the petitioner. Id. The appeals court held that this allegation was "conclusory" and was not sufficient to support a claim of ineffective assistance of counsel. Id.

The appellate court also declined to find that the petitioner's counsel was deficient in failing to request a different version of a jury instruction relating to identification testimony. Id. at ¶27. The court concluded that the petitioner's proposed jury instruction was outdated, and that the jury instruction in effect at the time of the trial was read to the jury in its entirety, so there were no grounds to find counsel ineffective for not having asked for the outdated instruction. Id. at ¶¶26–27.

5

Next, the petitioner argued that at the hearing on his motion to suppress, trial counsel was ineffective for failing to impeach one of the arresting officers about the fact that the officer had not run the car's license plate until several hours after the stop; the petitioner had argued that this information could have been used to impeach the officer's credibility about whether there was reasonable suspicion for the stop. Id. at ¶28. The appellate court found that the bases for the stop were the fact that the car had only one license plate and that it had illegal window tint, both of which were violations of Wisconsin traffic laws. Id. at ¶29. The appellate court concluded that the petitioner had not explained how any impeachment of the officer regarding the timing of the license plate check could have changed the outcome of the suppression hearing. Id.

The petitioner's final ineffective assistance of counsel claim alleged that counsel was deficient for failing to read the portions of the search warrants regarding cell phone information linking the petitioner to text messages sent to the victim (about the fake Craigslist ad for a car, which was what had lured the victim to the location where the robbery occurred). Id. at ¶30. The court observed that the petitioner himself had attached to his postconviction motion an affidavit by the investigating officer, demonstrating that the cell phone number in the fake Craigslist ad (to which the victim had sent text messages and from which the victim had received messages) had been linked to the petitioner. Id. The court concluded that that affidavit showed further investigation by trial counsel would have revealed evidence of the petitioner's

6

guilt, not evidence that would have assisted his defense; because the petitioner did not demonstrate that his counsel's alleged failure to investigate failed to uncover evidence that would have helped him, the appellate court concluded that the petitioner had not pled facts sufficient to support a claim of ineffective assistance of counsel. Id.

Finally, the court rejected the petitioner's due process claim. Id. at ¶32. The petitioner had argued that the detective's "failure to retain his notes" from interviews of the victim's friends violated the petitioner's right to due process, because the notes "may have been able to play a significant role" in his defense. Id. at ¶33. Citing Allen, the court found that the petitioner's "conclusory allegation" wasn't enough to demonstrate ineffective assistance of counsel. Id. at ¶33. The court also recounted that the detective testified that the statements of the victim's friends matched the statements of the victim, causing the detective to suspect that the friends were just repeating what the victim had told them. Id. And the court noted that the victim and both of his friends had testified at the trial and were subject to cross-examination. Id.

The petitioner appealed to the Wisconsin Supreme Court, which denied the petition for review. State v. Williams, 2021AP1237-CR, 2021AP1238-CR (available at https://www.wicourts.gov).

B.     *Habeas* Petition (Dkt. No. 1)

The petitioner filed his *habeas* petition on January 23, 2023. Dkt. No. 1. In Ground One, the petitioner asserted that his trial counsel was ineffective in several ways. Id. at 5. He alleged that his lawyer (1) failed to challenge the "tool

7

and firearm examiners qualifications as an expert"; (2) failed to ask for a jury instruction on the detective's failure to retain his notes after writing his police report; (3) failed to ask for a more detailed version of the jury instruction on identification testimony; (4) failed to read the search warrant affidavits; and (5) (as to "predecessor counsel"), failed to impeach a detective at the suppression hearing. Id. In Ground Two, the petitioner argued that he was entitled to an evidentiary hearing in federal court, asserting that the state-court record contained no evidence of why defense counsel did the things the petitioner had alleged in Ground One. Id. at 7. The petitioner argued that a hearing was necessary to develop the record and preserve his trial lawyer's testimony. Id. Ground Three alleged that the petitioner was denied his due process rights when the detective didn't preserve his interview notes, and that that failure deprived the petitioner of the opportunity to cross-examine the detective with the notes. Id. at 8.

The court screened the petition and allowed the petitioner to proceed on Ground One (his ineffective assistance of counsel claims) and Ground Three (his due process claim). Dkt. No. 5 at 4-5. It concluded that Ground Two—the petitioner's assertion that he was entitled to an evidentiary hearing—did not constitute a separate ground for relief. Id. at 5.

C.     Respondent's Motion to Dismiss (Dkt. No. 8)

The respondent filed a motion to dismiss all the petitioner's claims except the ineffective assistance of counsel claim based on trial counsel's failure to impeach the detective at the suppression hearing. Dkt. No. 9 at 9. The

8

respondent argues that the petitioner's first and third ineffective assistance of counsel claims are procedurally defaulted "because they ultimately hinge on questions of state law." Id. at 5. The respondent asserts that the court of appeals determined that the Daubert motion to exclude the firearms expert would have failed, which the respondent argues forecloses the petitioner's claim on that issue because it was decided on state law grounds. Id. He contends that the court of appeals also found that the proper jury instruction was read at trial, which the respondent argues is a decision based on state law that bars review. Id. at 6.

As to the second and fourth ineffective assistance of counsel claims and the due process claim, the respondent argues that those grounds are procedurally defaulted because they were insufficiently pled in the state court. Id. He asserts that the court of appeals relied on Allen in finding that these claims were insufficiently pled and maintains that an Allen finding is an adequate and independent state law ground. Id. at 7–8. The respondent asks the court to dismiss all the grounds in the petition except for the claim that the petitioner's counsel was ineffective for failing to impeach the detective at the suppression hearing. Id. at 8.

The petitioner responds that none of his claims are procedurally defaulted. Dkt. No. 11. He argues that the court of appeals unreasonably applied Strickland v. Washington, 466 U.S. 668 (1984) when it determined that his counsel was not deficient for failing to bring a Daubert motion. Id. at 3. He asserts that the court of appeals failed to apply Strickland to his counsel's

9

failure to request the more detailed jury instruction on the identification testimony. Id. at 4.

The petitioner argues that the second and fourth ineffective assistance of counsel claims were not disposed of by an adequate and independent state law ground. Id. He asserts that the court of appeals improperly framed the jury instruction issue as whether the trial court gave the proper instruction and not whether his counsel was deficient for failing to request a different instruction. Id. The petitioner contends that the court made a "factual finding" regarding the inculpatory nature of the search warrants he alleges his counsel failed to read, rather than a procedural one. Id. at 4–5. As for his due process claim, the petitioner maintains that he sufficiently pled facts supporting his argument that the missing notes would have played a "significant role" in his defense because he pled that "identification was a major issue in the case." Id. at 5.

The respondent replies that the court of appeals rejected the petitioner's first and third ineffective assistance of counsel claims "based on an interpretation of state law" when applying the deficient performance prong of Strickland. Dkt. No. 12 at 2. As for the remaining grounds, the respondent argues that the petitioner "merely identifies issues he thinks deserve an evidentiary hearing" rather than rebutting the court of appeals' reliance on Allen as an adequate and independent state law ground. Id. at 3.

10

## II.    Analysis

### A.    Legal Standard

Under the Antiterrorism and Effective Death Penalty Act of 1996, a federal court may grant *habeas* relief only if the state court decision was "either (1) 'contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States,' or (2) 'based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.'" Miller v. Smith, 765 F.3d 754, 759-60 (7th Cir. 2014) (quoting 28 U.S.C. §§2254(d)(1), (2)). "'[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly.'" Renico v. Lett, 559 U.S. 766, 773 (2010) (quoting Williams v. Taylor, 529 U.S. 362, 410 (2000)). "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." Harrington v. Richter, 562 U.S. 86, 102 (2011) (quoting Yarborough v. Alvarado, 541 U.S. 652, 664 (2004)). "The standard under § 2254(d) is 'difficult to meet' and 'highly deferential.'" Saxon v. Lashbrook, 873 F.3d 982, 987 (7th Cir. 2017) (quoting Cullen v. Pinholster, 563 U.S. 170, 181 (2011)).

B. Because the Court of Appeals Relied on State Law in Affirming the Denial of the Petitioner's First and Third Ineffective Assistance Claims, the Petitioner is Not Eligible for Federal *Habeas* Relief on Those Claims.

"For federal habeas relief . . . under § 2254(d)(1), the state court's decision must be an unreasonable application of federal law—not a state court's resolution of a state law issue." Kimbrough v. Neal, 941 F.3d 879, 882 (7th Cir. 2019) (quoting Bradshaw v. Richey, 546 U.S. 74, 76 (2005) ("We have repeatedly held that a state court's interpretation of state law . . . binds a federal court sitting in habeas corpus."); Estelle v. McGuire, 502 U.S. 62, 67–68 (1991) ("Today, we reemphasize that it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions."); Miller v. Zatecky, 820 F.3d 275, 277 (7th Cir. 2016) ("A federal court cannot disagree with a state court's resolution of an issue of state law.")).

The petitioner's first ineffective assistance of counsel claims (that his trial lawyer was ineffective for failing to challenge the qualifications of the firearms and tool work expert) and his third ineffective assistance claim (that his lawyer was ineffective for filing to ask for the outdated jury instruction on identification testimony, rather than the one in effect at the time of the trial) are barred because "the appellate court's decision was based on a resolution of state law, not federal law." King v. Pfister, 834 F.3d 808, 814 (7th Cir. 2016). The court of appeals rejected the petitioner's first claim for ineffective assistance of counsel on state law grounds, not federal law grounds. The appellate court determined that the trial court properly admitted the expert witness testimony. Dkt. No. 9-1 at ¶23. The court stated that the petitioner's

12

trial counsel was not deficient for failing to file a <u>Daubert</u> motion because such a motion would have been unsuccessful under state law. <u>Id.</u> The Seventh Circuit addressed a similar issue in <u>Miller</u>. 820 F.3d at 277. There, the state appellate court determined that counsel was not ineffective for failing to contest the length of the petitioner's sentence because the "chance of success was zero" under the applicable state law standard. <u>Id.</u> at 276. The Seventh Circuit found that the state court's decision rested on state law, not clearly established federal law. <u>Id.</u> at 277. The federal court concluded that the petitioner was not entitled to *habeas* relief. <u>Id.</u> That same outcome is required here. Because the court of appeals rejected the petitioner's first ineffective assistance of counsel claim on state law grounds, *habeas* review is not available.

The same is true for the petitioner's third claim for ineffective assistance of counsel. The court of appeals determined that the trial court properly instructed the jury on identification testimony, so the petitioner's trial counsel was not deficient for not challenging the instruction. Dkt. No. 9-1 at ¶27. As was the case in <u>Miller</u>, the court of appeals' determination rested on its interpretation of state law—its determination that the jury instruction the trial court gave was the legally applicable jury instruction. <u>See also</u> <u>Powell v. Fuchs</u>, 4 F.4th 541, 548 (7th Cir. 2021) ("The Wisconsin Court of Appeals appears to have reasoned that counsel's performance was adequate because there was no meritorious objection to the instruction. If that were plainly the case, then our review of Powell's claim would end here."). *Habeas* review is unavailable for the petitioner's third claim of ineffective assistance of counsel.

13

C. **Because the Court of Appeals Relied on an Independent and Adequate State Procedural Ground in Affirming the Denial of the Petitioner's Second and Fourth Ineffective Assistance of Counsel Claims and his Due Process Claim, the Petitioner has Procedurally Defaulted on Those Claims and is Not Entitled to _Habeas_ Relief on Those Claims.**

1. *Procedural Default*

A *habeas* claim is procedurally defaulted if the last state court that issued judgment (here, the Wisconsin Court of Appeals) "'clearly and expressly' states that its judgment rests on a state procedural bar." Harris v. Reed, 489 U.S. 255, 263 (1989) (quoting Caldwell v. Mississippi, 472 U.S. 320, 327 (1985)). "Merits review of a habeas claim is foreclosed if the relevant state court's disposition of the claim rests on a state law ground that is adequate and independent of the merits of the federal claim." Triplett v. McDermott, 996 F.3d 825, 829 (7th Cir. 2021). "Federal habeas courts must ascertain for themselves if the petitioner is in custody pursuant to a state court judgment that rests on independent and adequate state grounds." Coleman v. Thompson, 501 U.S. 722, 729 (1991).

A state ground is independent "when the court actually relied on the procedural bar as an independent basis for its disposition of the case." Thompkins v. Pfister, 698 F.3d 976, 986 (7th Cir. 2012). "The test to avoid procedural default in federal court is whether the state court's decision rests on the substantive claims primarily, that is, whether there is no procedural ruling that is independent of the court's decision on the merits of the claims." Holmes v. Hardy, 608 F.3d 963, 967 (7th Cir. 2010). "If the last state court to be presented with a particular federal claim reaches the merits, it removes any bar

14

to federal-court review that might otherwise have been available." Ylst v. Nunnemaker, 501 U.S. 797, 801 (1991). However, "a state court that separately reaches the merits of a substantive claim may also produce an independent procedural ruling that bars federal habeas review." Holmes, 608 F.3d at 967. If the state court's procedural ruling is "primary," then it is independent. Id. As for adequacy, a state law ground is "adequate" "when it is a firmly established and regularly followed state practice at the time it is applied." Thompkins, 698 F.3d at 986. The court does not consider "whether the review by the state court was proper on the merits." Lee v. Foster, 750 F.3d 687, 694 (7th Cir. 2014).

The Allen rule required the petitioner's post-conviction motion to "raise facts sufficient to entitle the movant to relief" rather than "conclusory allegations." Allen, 274 Wis. 2d at 576. The post-conviction motion "must provide 'sufficient material facts—*e.g.*, who, what, where, when, why, and how—that, if true, would entitle [the defendant] to the relief he seeks.'" Whyte v. Winkleski, 34 F.4th 617, 625 (7th Cir. 2022) (quoting Allen, 274 Wis.2d at 594). The Allen rule allows reviewing courts to "'meaningfully assess [the defendant's] claim.'" Id. (quoting Allen, 274 Wis. 2d at 584). "Allen's pleading standard is an adequate and independent state procedural rule." Id. at 625 (citations omitted).

The petitioner's second ineffective assistance of counsel claim (that his trial lawyer was ineffective when he failed to ask for a jury instruction on the detective's failure to keep his notes), fourth ineffective assistance of counsel claim (that his counsel was ineffective in failing to read the search warrant

15

affidavits) and his due process claim (that he was not given the opportunity to examine the detectives missing notes and use them to impeach the detective) are procedurally defaulted.

As to the second ineffective assistance of counsel claim, the court of appeals stated that the petitioner "failed to adequately plead this claim" and specifically cited <u>Allen</u> in support. Dkt. No. 9-1 at ¶25. The appellate court was clear about the deficiencies in the petitioner's motion—it said that the motion did not identify the jury instruction the petitioner believed his lawyer should have asked for, or why he felt that an instruction was required, or how the instruction (whatever it might have said) would have impacted the outcome of the trial. <u>Id.</u> The court observed that the petitioner simply speculated that if he'd had the notes, they "may have been able" to reveal some "major inconsistencies" that might have caused the jury to question the witness's identification of the petitioner. <u>Id.</u> As the appellate court correctly stated, this kind of speculation does not satisfy the <u>Allen</u> standard. This is the "conclusory allegation" that <u>Allen</u> held is procedurally insufficient to support an ineffective assistance claim. The appeals court based its decision on <u>Allen</u>, and on the fact that procedurally, the petitioner's post-conviction motion did not provide sufficient material facts to support the ineffective assistance of counsel claim.

Similarly, the court stated that the petitioner's fourth ineffective assistance of counsel claim was "inadequately pled," specifically citing <u>Allen</u>. <u>Id.</u> at ¶30. <u>Allen</u> requires an ineffective assistance of counsel motion to plead facts that "if true, would entitle the [movant] to the relief he seeks." Presumably, the

16

relief the petitioner sought in filing his post-conviction motion was reversal of his conviction. But the appellate court pointed out that even if the petitioner's lawyer had read the information in the search warrants linking the petitioner to the texts sent to the victim about the fake Craigslist ad, any investigation the attorney might have done would not have turned up evidence that would have shown the petitioner's innocence. Id. The court explained that the petitioner himself had attached to the post-conviction motion an affidavit from the detective demonstrating that the cell phone number in the fake Craigslist ad— the number which had sent to and received from the victim messages about the non-existent car—"had been linked to [the petitioner]." Id. In other words, any investigation the lawyer would have done would *not* have uncovered evidence that "if true, would entitle [the petitioner] to the relief he seeks." Such investigation would have turned up evidence that would have further linked the petitioner to the fake Craigslist ad. The court of appeals based its ruling regarding the fourth ineffective assistance claim on Allen's procedural bar, finding that the petitioner had not adequately pled this claim. That means that claim is not subject to federal *habeas* review.

Finally, the court of appeals held that the petitioner's due process claim consisted of "conclusory allegation[s]" that were "not sufficient" under Allen. Id. at ¶33. It reiterated that the petitioner had merely "speculated" that the detective's missing notes "may have been able to play a significant role" in the petitioner's defense, "[e]specially since identification was a major issue in the case." Id. Recall that the missing notes were the detective's notes from his

interviews of the victim's two friends, who went with the victim to the police to report the robbery. The detective testified that the version of events the two friends provided was so similar to the victim's that he thought the two friends were merely repeating what the victim had told them, rather than reporting anything they had personally observed. The two victims testified at trial; the defendant had the opportunity, through his lawyer, to question the victim and the two friends. The petitioner does not describe the trial testimony. He does not state why—given the detective's testimony and the testimony of the two friends—he believes any notes the detective might have taken would have shown inconsistencies between what the friends told police when reporting the robbery and what they said on the stand at trial. The petitioner's argument cannot be anything other than speculation, and under Allen, speculation is not enough.

Because the appellate court specifically relied on Allen's procedural rule in affirming the denial of the post-conviction motion on the second and fourth ineffective assistance claims and the due process claim, and because it explained why the petitioner's pleadings were insufficient under that rule, the petitioner has procedurally defaulted on those claims in his federal *habeas* proceeding.

### 2. *Cause and Prejudice*

When a petitioner's claims are procedurally defaulted, the court must consider whether to excuse that default. Coleman, 501 U.S. at 750. The petitioner must show either (1) cause for the default and resulting prejudice or

18

(2) that the failure to consider the federal claim will result in a fundamental miscarriage of justice. Id. (citations omitted). "[T]he existence of cause for a procedural default must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded counsel's efforts to comply with the state's procedural rule." Murray v. Carrier, 477 U.S. 478, 488 (1986). "Prejudice means an error which so infected the entire trial that the resulting conviction violates due process." Weddington v. Zatecky, 721 F.3d 456, 465 (7th Cir. 2013) (quoting Smith v. McKee, 598 F.3d 374, 382 (7th Cir. 2010)). To show that a miscarriage of justice will occur if the court denies *habeas* relief, a petitioner must show that he is actually innocent of the offenses of which he was convicted. Hicks v. Hepp, 871 F.3d 513, 531 (7th Cir. 2017). A petitioner asserting actual innocence "must establish that, in light of new evidence, 'it is more likely than not that no reasonable juror would have found [the] petitioner guilty beyond a reasonable doubt.'" House v. Bell, 547 U.S. 518, 536–37 (2006) (quoting Schlup v. Delo, 513 U.S. 298, 327 (1995)).

The petitioner has not argued cause or prejudice, and the court does not see any evidence of cause or prejudice in the petitioner's filings. The petitioner has not asserted that "some objective factor external to the defense" impeded his efforts to comply with Allen, Murray, 477 U.S. at 488, nor has he alleged that an error "so infected the entire trial that the resulting conviction violates due process," Weddington, 721 F.3d at 465. The petitioner has not argued for, or presented evidence of, actual innocence. The court will dismiss the

petitioner's second and fourth ineffective assistance of counsel claims and his due process claim as procedurally defaulted.

The court will allow the petitioner's fifth ineffective assistance of counsel claim—that trial counsel was ineffective for not impeaching the detective at the suppression hearing—to proceed.

## III. Conclusion

The court **DIRECTS** the Clerk of Court to update the docket to reflect that Tim Thomas is the correct respondent.

The court **GRANTS** the respondent's partial motion to dismiss. Dkt. No. 8.

The court **ORDERS** that the respondent must file an answer to the petitioner's remaining *habeas* claim within sixty days.

The court **ORDERS** that the parties must comply with the following schedule for filing briefs on the merits of the petitioner's remaining claim:

(1) the petitioner has forty-five days after the respondent files the answer to file a brief in support of his petition;

(2) the respondent has forty-five days after the petitioner files his initial brief to file a brief in opposition;

(3) the petitioner has thirty days after the respondent files the opposition brief to file a reply brief, if he chooses to file such a brief.

The parties must submit their pleadings in time for the court to receive them by the stated deadlines.

20

Under Civil Local Rule 7(f), briefs in support of or in opposition to the habeas petition and any dispositive motions shall not exceed thirty pages, and reply briefs may not exceed fifteen pages—not counting any statements of fact, exhibits and affidavits. The court asks the parties to double-space any typed documents.

Dated in Milwaukee, Wisconsin this 30th day of September, 2024.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**Chief United States District Judge**