UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

LARRELL WILLIAMS,

Petitioner,

v.

Case No. 23-cv-89-pp

TIM THOMAS,

Respondent.

---

**ORDER DENYING PETITION FOR WRIT OF *HABEAS CORPUS* (DKT. NO. 1), DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY AND DISMISSING CASE**

---

On January 23, 2023, the petitioner, who is representing himself, filed a petition for a writ of *habeas corpu*s under 28 U.S.C. §2254, challenging his 2018 conviction for possession of a firearm by a prohibited person, armed robbery with use of force as a party to a crime and second-degree recklessly endangering safety as a party to a crime. Dkt. Nos. 1, 14-2. The court screened the petition and allowed the petitioner to proceed on two of the three grounds stated in his petition: ineffective assistance of counsel and violation of his due process rights. Dkt. No. 5 at 6.

On April 25, 2023, the respondent filed a motion to dismiss, arguing that the petitioner had procedurally defaulted on all but one of the remaining grounds. Dkt. No. 9 at 2. The court granted the respondent's partial motion to dismiss and allowed the petitioner to proceed on an ineffective assistance of

counsel claim that trial counsel was ineffective for not impeaching a detective at the suppression hearing. Dkt. No. 13 at 20.

Because the state court decision properly identified and reasonably applied federal law, the court will deny the petition, decline to issue a certificate of appealability and dismiss the case.

## I. Background

### A. State Court Proceedings

The Wisconsin Court of Appeals recounted the procedural history in the order affirming the conviction:

> The charges against [the petitioner] stem from his role in a robbery set up through a fake car sale advertised on Craigslist. In October 2018, T.R., via text messages and emails, negotiated the purchase of an Audi listed in the advertisement, and was to meet the seller in an alley around North 70th Street in Milwaukee. T.R. told police that he was robbed by two Black males at the meeting place, one of whom pulled a handgun and fired a shot into the ground by T.R.'s feet. Police recovered a spent shell casing at the scene.
>
> Subsequently, in November 2018, officers on routine patrol spotted a vehicle parked at a gas station on West Appleton Avenue in Milwaukee. The officers observed that the vehicle did not have a front license plate, and that its windows were darkly tinted. When the officers ran the rear license plate, they found that there was no specific vehicle information attached to the plate, but that it had been registered in Portage, Wisconsin.
>
> The officers were attempting to make contact with a female passenger in the vehicle when a male exited the gas station and came toward the vehicle. The officers made contact with him; he was identified as [the petitioner], and stated that he owned the vehicle. The officers could smell marijuana on [the petitioner] as well as coming from inside the vehicle. The officers therefore conducted a search of the vehicle, and discovered a handgun behind the passenger seat. [The petitioner] attempted to flee on foot, but was apprehended and arrested.

> A test of the gun found in [the petitioner's] vehicle indicated that it was the same gun used in the Craigslist robbery. The cases were joined for trial.
>
> Prior to trial, [the petitioner] filed a motion to suppress the evidence found in his vehicle—most notably, the gun—asserting that the officers lacked reasonable suspicion to conduct the search. After a hearing on the motion, at which one of the arresting officers testified, the trial court denied [the petitioner's] motion, finding that the lack of a front license plate was a sufficient reason to justify the search.
>
> The matter proceeded to a jury trial in October 2019. [The petitioner] was found guilty on all counts.
>
> [The petitioner] elected to proceed with this appeal pro se. In his postconviction motion, he argued that the trial court erred in denying his suppression motion. He further asserted that his trial counsel was ineffective for several reasons: failing to bring a Daubert motion to preclude the State's firearms examiner from testifying as an expert; failing to request a jury instruction relating to the testimony of the police detective who conducted interviews with two witnesses to the robbery of T.R. and did not retain his notes of those interviews; failing to request a more detailed jury instruction on identification testimony; failing during the suppression motion hearing to impeach the credibility of the arresting officer who conducted the stop of his vehicle with regard to the timing of his check of the license plate; and failing to read the search warrants regarding the cell phone evidence relating to the robbery of T.R., and further investigate the same. He also argued that his due process rights were violated by the detective's failure to retain his interview notes.
>
> The postconviction court rejected all of [the petitioner's] arguments, and thus denied [the petitioner's] motion without a hearing.

State v. Williams, Appeal Nos. 2021AP1237-CR, 2021AP1238-CR, 2022 WL 1016689, at *1 (Wis. Ct. App. Apr. 5, 2022).

The petitioner raised the same arguments on appeal that he had raised in his postconviction motion. Id. at *2. The Wisconsin Court of Appeals concluded that the trial court did not err when denying the petitioner's motion to suppress because the officers had observed that the petitioner's vehicle did

not have a front license plate, in violation of Wisconsin Statute §341.15(1), and his vehicle had darkly tinted windows; subsequent testing confirmed that all windows except the windshield were in violation of Wisconsin Administrative Code §Trans. 305.32(4)(b)(2) and (5)(b). Id. at *3. In addition, the officers smelled marijuana coming from the vehicle. Id. The Wisconsin Court of Appeals observed that although the petitioner was not in the vehicle at the time, one of the officers recognized him from a recent incident where the officer had issued a citation for the same vehicle with a different license plate. Id.

The court of appeals also rejected all the petitioner's ineffective assistance of counsel claims, finding that the claims either failed on the merits or were inadequately pled. Id. at *4-6. As for the petitioner's allegation that his due process rights were violated based on the officer's failure to retain notes from interviews with the victim's friends, the court of appeals found that the petitioner merely was speculating about the role those missing interview notes would have played in his defense. Id. at *6. The court recounted that the victim and his friends testified at trial and were subject to cross-examination regarding their statements. Id. at 6.

B. Federal *Habeas* Petition

In his federal petition, the petitioner raised three grounds for relief: (1) ineffective assistance of trial counsel; (2) that he is entitled to a federal evidentiary hearing on the issue he raised in the first ground; and (3) a violation of his due process rights under the Fourteenth Amendment based on a detective's failure to preserve interview notes. Dkt. No. 1 at 5-9. After the

court's orders screening the petition (Dkt. No. 5) and ruling on the respondent's motion to dismiss (Dkt. No. 13), the sole remaining claim is that the petitioner's trial counsel failed to impeach a detective at the suppression hearing. Dkt. No. 1 at 5.

C. Petitioner's Brief in Support

The petitioner explains that in November 2018, officers spotted a vehicle without a front license plate and with tinted windows. Dkt. No. 16 at 2. The petitioner says that the officers were attempting to make contact with the female passenger when he walked out of the gas station and toward the vehicle. Id. He asserts that he told the officers that it was his vehicle and they smelled marijuana coming from inside the car. Id. They conducted a search, found a handgun; the petitioner attempted to flee but was apprehended and arrested. Id. The petitioner alleges that the officers determined that the gun was the same gun used in the Craigslist robbery, and that the two cases were joined for trial. Id. The petitioner argues that he filed a pretrial motion to suppress on the ground that the officers lacked reasonable suspicion to conduct a search but the trial court determined that the lack of a front plate justified the search. Id. at 2-3.

The petitioner believes that he was denied the right to effective assistance of counsel when his attorney failed to conduct an adequate investigation of the discovery materials and pursue "areas of potential impeachment regarding the time the Officer ran the license plate, which were available to him during his

cross examination of the officer." Id. at 4. The petitioner points to the following exchange on cross-examination:

> Counsel: On this occasion you approached from the front, though?
>
> Officer: On this occasion I did a complete circle around the vehicle and then approached from the front, Yes.
>
> Counsel: And again, you stated that you did a circle around the vehicle and stopped in the front of the vehicle?
>
> Officer: Correct.
>
> Counsel: Did you run before you exited your vehicle to confront the front seat passenger, did you run that license plate check yet or was that done after?
>
> Officer: I did.
>
> Counsel: You did what?
>
> Officer: Ran the license plate check prior.
>
> Counsel: Prior to confronting the female?
>
> Officer: Correct.

Id. at 5-6. The petitioner argues that the officer did not run the license plate before he exited his vehicle to confront the front seat passenger. Id. at 6. He argues that two printouts from the squad car would have impeached the officer. Id.

The petitioner argues that counsel could have exposed the officer as untruthful during the suppression hearing, which would have "undercut any reasonable suspicion" that the officer relied on in his testimony. Id. at 6-7. The petitioner argues that there was resulting prejudice because the court relied on

the fact that the car had a plate that didn't belong to it, which the trial court found gave rise to reasonable suspicion that it had been stolen. Id. at 7.

The petitioner believes that the court of appeals decision was incorrect and unreasonable because the missing front license plate and the darkly tinted windows would not give officers reasonable suspicion that a traffic code had been or was about to be violated when the car left the station. Id. at 8-9. The petitioner reasons that Wisconsin borders four states whose citizens pass through Wisconsin on a regular basis. Id. at 8. He argues that the officers had no "initial indication" that the vehicle was from Wisconsin. Id. at 8-9. He asserts that officers didn't discover that the car was registered in Portage, Wisconsin until hours after he had been taken into custody. Id.

The petitioner argues that the window tint violation applies only to a vehicle on the highway in Wisconsin. Id. at 9. The petitioner says that his vehicle was parked at the gas station. Id. He argues that there were no other signs that the vehicle had been or soon would be driven. Id. The petitioner argues that Officer Domine testified that he did not see a person in the driver's seat or exit the driver's seat but that in his report, Domine said that he made contact with the person whom he previously had observed exit the driver's door. Id. at 10-11. In addition, the petitioner argues that Domine testified that he did not smell marijuana until he opened the car door, but that Domine's report said he could smell it on the petitioner. Id. at 11.

The petitioner argues that pages 23 and 24 of Dkt. No. 14-3, the motion for post-conviction relief filed by the petitioner, demonstrate the need for an

evidentiary hearing. Id. at 11. Page 23 shows the car's VIN number with a time stamp of 11/27/2018 at 10:58 PM CT. Dkt. No. 14-3 at 23. Page 24 is a second report with a time stamp of 23:00 showing the Portage address. Id. at 24. The petitioner says that an evidentiary hearing is necessary because at such a hearing, Domine would testify regarding "(1) whether the computer system in his squad car utilizes receipt paper showing the time that he ran a license plate in order to get registration information; (2) whether the two printouts provides definitive proof that Domine ran [the petitioner's] plate at the time reflected on the two print-outs." Id. at 11.

D. Respondent's Brief in Opposition (Dkt. No. 17)

The respondent argues that the petitioner is not entitled to relief because the state court did not unreasonably apply United States Supreme Court precedent. Dkt. No. 17 at 1. According to the respondent, the charges stem from the petitioner's role in a robbery that involved a fraudulent car sale through Craigslist. Id. at 2. They assert that the petitioner and another man posted a fake advertisement on Craigslist for an Audi, then robbed the prospective buyer at gunpoint. Id. The respondent argues that the officers found the gun used in the robbery when they searched the petitioner's vehicle at the gas station. Id. The respondent says that the officers testified that they saw a car with no front license plate, noted that the car had darkly tinted windows, ran the rear license plate and discovered there was no specific information on the car. Id. The respondent relies on testimony that the officers detected the odor of marijuana coming from the vehicle and the petitioner. Id.

The respondent states that the Wisconsin Court of Appeals properly affirmed because the officers had legal bases for searching the car: the missing front plate, the tinted windows and the odor of marijuana. Id. at 3. The respondent says that the court determined the petitioner was not prejudiced by his attorney's failure to impeach the officer on the timing of running the license plate because reasonable suspicion and probable cause were established by other factors: no front plate, illegally tinted windows and the odor of marijuana. Id. at 9. The court also found that the petitioner failed to demonstrate how challenging the timing of running the license plate would have overcome those factors and impacted the outcome of the suppression hearing. Id. The respondent argues that the court of appeals' decision is consistent with the requirement of Strickland v. Washington, 466 U.S. 668, 694 (1984), that the petitioner show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 10.

The respondent points out that Officer Domine testified at the suppression hearing that he noticed a car with darkly tinted windows and no front license plate at a gas station. Id. at 11. Domine testified that Wisconsin requires a front license plate and that ordinances govern the tint of windows. Id. Domine testified that the petitioner approached the vehicle from the gas station and that Domine asked for identification. Id. Domine also testified that while interacting with the petitioner, he could smell the odor of marijuana coming from within the vehicle. Id. The respondent says that at that point Domine had probable cause to search the car. Id. at 11. Based on these facts,

the respondent argues that the Wisconsin Court of Appeals reasonably determined that the failure of the petitioner's attorney to question the officer about the timing of running the back license plate does not establish prejudice.

According to the respondent, the petitioner's argument—that the absence of a front plate is not always a traffic violation and that since he had not run the car's license plate, the officer had no way to know that the car was from Wisconsin—is refuted by the record. Id. at 12. The respondent says that the officer testified that even without running it, he could see that the back plate was a Wisconsin plate and a missing front plate on a Wisconsin vehicle is enough to establish a reasonable suspicion to engage the driver and investigate further. Id. (citing State v. Williams, 241 Wis. 2d 631 (Wis. 2001)). In response to the petitioner's argument that the dark window tint did not justify a traffic stop, the respondent states that no one found that the tint alone was the basis for the stop. Id. The respondent argues that the missing front plate and the darkly tinted windows, together with the odor of marijuana coming from the car, means that the petitioner cannot show that the court of appeals unreasonably applied Strickland's prejudice prong. Id. at 13.

E. Petitioner's Reply (Dkt. No. 18)

The petitioner replies that the officers had no indication that the petitioner was the driver of the vehicle. Dkt. No. 18 at 2. He asserts that the officers did not see him committing any traffic violations because he was not in the driver's seat. Id. at 3. He says that the officers saw no signs that the vehicle "had been or would be driven." Id.

The petitioner insists that the appellate court erred because Officer Domine's testimony was directly contradicted by the two printouts from his squad car, which would have undermined his credibility. Id. at 4. The petitioner again argues that Domine did not run the license plate before exiting his vehicle to confront the front seat passenger. Id. at 5. The petitioner argues that revealing this alleged lie would have undercut any other reasons given to support the finding of reasonable suspicion. Id. at 5-6. Based on this, he asserts that there is a reasonable probability that the outcome would have been different. Id. at 6. Citing the trial court's ruling on his suppression motion, the petitioner points out that the judge said, "I think a reasonable suspicion is that its been stolen. Why does this car have plates that don't belong to it? So certainly there's plenty of reason to investigate and stop the vehicle in the first place." Id.

The petitioner emphasizes that the vehicle was not operating on the road at the time of the stop, and insists that the appellate court's decision was unreasonable because Wis. Admin. Code §305.03 provides that "no person may operate or allow to be operated on Wisconsin highways" a vehicle that does not conform to requirements. Id. at 7. He reasons that a car had to be operating for there to be a violation. Id. The petitioner insists that Officer Domine testified in two ways that were "uncredible:" (1) Domine "was very clear on the record that he did not see a person in the drivers seat nor anyone exit the drivers seat" but it was "very clear in [his] reports that he made contact with the driver who he had previously observed exit the driver's door;" and (2) "Domine testified he did

not smell any marijuana until he opened the door of the vehicle" but "his reports indicate that he smelled marijuana on [the petitioner's] person." Id. at 8. The petitioner concludes that impeaching Domine with the two printouts about the back license plate would have "provided the Court with powerful evidence that the officer lacked reasonable suspicion to search the car." Id.

## II. Legal Standard

*Habeas* review of a state court petitioner's conviction is limited by The Antiterrorism and Effective Death Penalty Act (AEDPA). Under AEDPA, a federal court may grant a writ of *habeas corpus* if the state court decision on the merits of the petitioner's claim (1) was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. §2254(d)(1); or (2) "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," 28 U.S.C. §2254(d)(2).

"[A]n unreasonable application of federal law is different from an incorrect application of federal law." Williams v. Taylor, 529 U.S. 362, 410 (2000) (O'Connor, J., writing Part II and concurring). When reviewing a judicial bias claim raised by a *habeas* petitioner, this court has explained that the unreasonable application clause requires the state court decision to be more than incorrect or erroneous:

> "The state court's application of clearly established law must be objectively unreasonable." Lockyer v. Andrade, 538 U.S. 63, 71 . . . (2003) (internal citations omitted). "A state court's determination that a claim lacks merit precludes federal *habeas* relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." Harrington v. Richter, 562 U.S. 86, 102 . . . (2011)

> (quoting Yarborough v. Alvarado, 541 U.S. 652, 664 . . . (2004)). "If this standard is difficult to meet, that is because it was meant to be." Id. "Section 2254(d) reflects the view that habeas corpus is a 'guard against extreme malfunctions in the state criminal justice systems,' not a substitute for ordinary error correction through appeal." Id. at 102-03 . . . (quoting Jackson v. Virginia, 443 U.S. 307, 332 . . . (1979)).
>
> "AEDPA requires that [the state court decision] be 'unreasonable,' which means something like lying well outside the boundaries of permissible differences of opinion." Hardaway v. Young, 302 F.3d 757, 762 (7th Cir. 2002). "Where Supreme Court cases 'give no clear answer to the question presented, let alone one in [the petitioner's] favor,' it cannot be said that the state court unreasonably applied Supreme Court precedent and thus 'relief is unauthorized.'" Clark v. Lashbrook, 906 F.3d 660, 664 (7th Cir. 2018) (quoting Wright v. Van Patten, 552 U.S. 120 . . . (2008)).

Hermann v. Meisner, Case No. 16-cv-1353, 2020 WL 5748939, at *10 (E.D. Wis. Sept. 25, 2020).

"Under *Strickland v. Washington's* familiar, two-pronged test for ineffective assistance of counsel, [the petitioner] must demonstrate that (1) his counsel's performance was deficient; and (2) that deficiency resulted in prejudice." United States v. Berg, 714 F.3d 490, 496-97 (7th Cir. 2013) (citing Strickland, 466 U.S. 687). "The performance prong of *Strickland* requires a [petitioner] to show 'that counsel's representation fell below an objective standard of reasonableness.'" Lafler v. Cooper, 566 U.S. 156, 163 (2012) (quoting Hill v. Lockhart, 474 U.S. 52, 57 (1985)). "To establish *Strickland* prejudice a defendant must 'show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" Id. (quoting Strickland, 466 U.S. at 694). The Supreme Court has explained:

> [e]stablishing that a state court's application of *Strickland* was unreasonable under § 2254 is all the more difficult. The standards created by *Strickland* and § 2254(d) are both "highly deferential", and when the two apply in tandem, review is "doubly" so. The *Strickland* standard is a general one, so the range of reasonable applications is substantial. Federal habeas courts must guard against the danger of equating unreasonableness under *Strickland* with unreasonableness under § 2254(d). When § 2254(d) applies, the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied *Strickland's* deferential standard.

Harrington, 562 U.S. at 105 (internal citations and quotations omitted). "[O]nly a clear error in applying *Strickland* would support a writ of habeas corpus." Taylor v. Bradley, 448 F.3d 942, 948 (7th Cir. 2006) (quoting Murrell v. Frank, 332 F.3d 1102, 1111 (7th Cir. 2003)). The inquiry is whether the state court "took the constitutional standard seriously and produce[d] an answer within the range of defensible positions." Id. (quoting Mendiola v. Schomig, 224 F.3d 589, 591 (7th Cir. 2000)) (alteration in original).

## III. Analysis

The Wisconsin Court of Appeals identified and correctly stated the petitioner's burden under Strickland. But before addressing whether the decision was a reasonable application of Strickland, the court must address several of the statements that the petitioner raised about the suppression hearing because they require additional context. Specifically, the petitioner argues that his counsel failed to impeach Officer Domine during the suppression hearing and that the trial court relied on the fact that the car had a back license plate which didn't belong to it when finding reasonable suspicion Dkt. No. 16 at 7.

During the June 7, 2019 hearing on the petitioner's motion to suppress, the petitioner's attorney played the body camera footage and cross-examined Domine on whether he saw anyone in the driver's seat or anyone exit the front driver's seat. Dkt. No. 14-8 at 22, lines 1-23. Domine admitted that he did not. Id. The petitioner's attorney impeached Domine about testimony that didn't align with his report, in which Domine stated that he observed the petitioner exit the driver's door and go toward the gas station. Id. at 31, lines 19-25; 32, lines 1-25. Domine admitted, "I must have, I guess, obviously don't remember every single thing about this, maybe when I was circling the lot. I don't want to give you a guess. I did testify that I didn't see him in this hearing, yes." Id. at 32, lines 1-8.

The petitioner's attorney questioned when Domine had smelled fresh marijuana and Domine clarified that he personally had not smelled marijuana until he opened the door of the vehicle but that his partner had. Id. at 29, lines 7-24. The petitioner's attorney also impeached Domine regarding his testimony that he did not smell marijuana until he opened the car door when his report said he could smell it on the petitioner. Id. at 36, lines 1-25, 27 at 1-23.

The trial court acknowledged that the officers approached the stopped vehicle at the gas station because they saw "rather dark tint" and "no front license plate." Id. at 40, lines 9-25. The trial court also referenced the license check and the fact that Domine's partner smelled the marijuana. Id. at 41, lines 4-25; 42, lines 1-9. At that point, the petitioner's attorney asked to make a brief argument about their theory of the case before the court ruled:

MR. DOMASK: Judge, here as listed in my moving papers, the officer has to act on more than a mere hunch that the crime has been, is, or is about to be committed. Mere hunch is sort of just a -- just that, a hunch that, hey, something's going on with this car.

Now, I understand that being set forth the three reasons, I guess four reasons being the tint, the lack of front license plate, the license plate on the back being incorrect, and then the other officer -- or -- proceeding, smelled marijuana.

However, I think if you look generally at the big picture here, what we have is nothing more than Officer Domine acting on a mere hunch. I -- I -- He has testified at least on two specific ways in an uncredible manner. First, he was very clear on the record that he did not see a person in the driver's seat nor anyone exit the driver's seat. It's very clear in his police reports he states, I made contact with the driver, who I had previously observed exit the driver door and go towards the gas station. Not a minute detail. Very specific. Which when cross-examined, provided impeachable testimony.

Secondly, he stated that he did not smell any marijuana until he opened the door of that vehicle, and his reports he stated that he had smelled marijuana on [the petitioner's] person.

Now, the reason I bring those things up are that I don't also think it's believable that he had no idea that that vehicle was the same one that he had stopped two days prior. I don't think it's not believable that when he saw Mr. Williams come out of that gas station he knew exactly that it was that driver from two days ago.

And why would he include those things in his police reports? Because those are the types of things officers need to cover their butt in order to effectuate a stop. He needed to include that information about [the petitioner] exiting the driver's side door because he needed to put him as the driver. He needed to say that he smelled marijuana on his person because that's what officers often say in order to effectuate a stop of a person or the search of a vehicle, and you know darn well that in this community, not saying necessarily this officer, but many officers use that smell of marijuana as an excuse to get into any vehicle or search any person that they want, and that's the belief why he included that in his statement even though he impeachably [sic] testified differently on the stand today.

Judge, this isn't a case where it is a hunch on the officer's part, this officer's part that [the petitioner], that he, okay, if he was giving him

> a break two days earlier, he had a hunch that he was doing something wrong on that day, and that's why he effectuated the stop. That's why he was stopped. Regardless of whether the plate was on because the front plate wasn't on two days prior, regardless of the tint, which was the same, that's not the case here. I believe that he was acting on a hunch, and that's illegal. That's an illegal stop.
>
> So regardless of what he says were those reasons, which potentially could've been reasons to stop it, if you look at this case and use your discretion, I think a court and you should -- a court could and that you should find that the reason was a hunch that [the petitioner] had done something and nothing more. And that's why this should be suppressed.

Dkt. No. 14-8 at 42, lines 14-25 through 45, lines 1-12.

The trial judge acknowledged that "that may very well be the case," but stated that he could see on the video that there was no front license plate. Id. at 45, lines 13-16. He said that "whatever Officer Domine's memory is compared to his report, and I grant you it does seem awfully inconsistent on a couple of matters, maybe good explanations for that, whatever, I could see there was no front plate on the car, so given the background and the reasons for having license plates, I think that gets him in the door." Id. at 45, lines 13-25; 46, lines 1-2. The court emphasized that "all the paths don't have to lead to a justifiable search, only one of them does, and in this case that's the plate." Id. at 46, lines 3-6. The court denied the motion because of the missing front plate—not because Domine had run a check on the back plate—and he acknowledged the inconsistencies in Domine's testimony after the petitioner's attorney impeached Domine during cross-examination.

Another judge ruled on the petitioner's motion for postconviction relief, and he also focused on the missing front license plate. Dkt. No. 14-4 at 3

(citing State v. Williams, 323 Wis. 2d 460 (Wis. Ct. App. 2010)). That judge ruled that "[r]egardless of the window tint, the stop was nonetheless justified based upon the officer's observation of the missing front license plate." Id. He also rejected the argument that counsel was ineffective in failing to impeach Domine with the printouts that suggested the license plates were not run for hours after the investigatory stop. Id. at 5. He did not find the printouts to be definitive proof of when Domine ran the check but found that, even if counsel had impeached Domine with the printouts, the petitioner would have had to overcome the missing front plate, the tint and the scent of marijuana. Id. He was not persuaded that counsel's performance was deficient or prejudicial. Id.

After reciting the Strickland standard, the Wisconsin Court of Appeals addressed counsel's failure to impeach Domine regarding when he ran the license plate check:

> Next, [the petitioner] claims that his trial counsel was ineffective for failing to impeach one of the arresting officers at the suppression hearing regarding the check of his license plate. [The petitioner] asserts that the officers did not run the license plate until several hours after the stop, and that this information could have been used to impeach the officer's credibility regarding the reasonable suspicion for the stop.
>
> However, the initial reason for the stop was that there was only one license plate on the vehicle, along with the suspicion that the level of tint on the windows was illegal—both of which are violations of the traffic code. *See* Wis. Stat. § 341.15(1); Wis. Admin. Code § Trans. 305.32(4)(b)2. and (5)(b). As we have already concluded, these factors justified the investigatory stop of [the petitioner's] vehicle. *See [State v.] Betow*, 226 Wis. 2d [90,] at 93 [(Wis. Ct. App. Mar. 25, 1999)]. Furthermore, we also concluded that the smell of marijuana coming from the vehicle justified expanding the scope of the stop to a search of the vehicle. *See [State v.] Secrist*, 224 Wis. 2d [201,] at 210 [(Wis. 1999)]. [The petitioner] fails to demonstrate how potentially impeaching the officer regarding the timing of the license

> plate check would have overcome these factors to change the outcome of the suppression motion hearing. *See Strickland*, 466 U.S. at 687. Therefore, this claim fails as well.

Williams, 2022 WL 1916689, at *5.

This court cannot conclude that the Wisconsin Court of Appeals' decision was contrary to, or involved an unreasonable application of, Strickland. The petitioner's attorney impeached Officer Domine at the suppression hearing and the trial court acknowledged the inconsistencies between Domine's testimony and his report. The trial court cited the video showing the missing front plate, dkt. no. 14-8 at 45, and there is nothing in the record to suggest that the officers did not notice the missing front plate or darkly tinted windows prior to making contact with the passenger and talking with the petitioner.

The petitioner argues that the missing front plate could not have provided a basis for a stop because (1) his vehicle was parked at the gas station and he was not operating the vehicle at the time, dkt. no. 18 at 7, and (2) he could have been passing through Wisconsin and registered in a state that doesn't require a front license plate, dkt. no. 16 at 8-9. Under Wisconsin law, an officer may approach a parked vehicle with a missing front license plate because it is a violation of Wis. Stat. §341.15(1). Williams, 323 Wis. 2d at 471. During the suppression hearing, Officer Domine testified that he saw that the vehicle had a Wisconsin rear license plate, dkt. no. 14-8 at 9, lines, 18-21, and the court is not aware of anything in the record that would refute that Domine approached the vehicle from the rear. Regardless, when affirming the trial court's decision to deny the motion to suppress, the Wisconsin Court of

Appeals found that the officers had observed that the petitioner's vehicle did not have a front license plate in violation of Wis. Stat. §341.15 and, additionally, the vehicle had darkly tinted windows in violation of Wis. Admin. Code §Trans. 305.32(4)(b)2. Williams, 2022 WL 1016689 at *3. Later in the decision, when rejecting the petitioner's ineffective assistance of counsel claim, the court wrote that "the initial reason for the stop was that there was only one license plate on the vehicle, along with the suspicion that the level of tint on the windows was illegal—both of which are violations of the traffic code." Id. at *5 (citing Wis. Stat. §341.15(1); Wis. Admin. Code §Trans. 305.32(4)(b)2).

It was reasonable for the court of appeals to conclude that the petitioner could not show prejudice. The court finds that the Wisconsin Court of Appeals did not unreasonably apply federal law in concluding that the petitioner failed to demonstrate that further impeaching Officer Domine would have overcome the other factors and changed the outcome of the suppression hearing. See generally Hineman v. Chase, 182 F.4th 651, 663 (7th Cir. 2026) (denying a *habeas* petition where the petitioner "failed to show his trial would have come out differently had counsel performed differently.")

## IV. Certificate of Appealability

Under Rule 11(a) of the Rules Governing Section 2254 Cases, the court must consider whether to issue a certificate of appealability. A court may issue a certificate of appealability only if the applicant makes a substantial showing of the denial of a constitutional right. See 28 U.S.C. §2253(c)(2). The standard for making a "substantial showing" is whether "reasonable jurists could debate

whether (or for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (internal quotations omitted). The court declines to issue a certificate of appealability, because reasonable jurists could not debate whether the petitioner's claims warrant *habeas* relief under 28 U.S.C. §2254(d).

## V. Conclusion

The court **DENIES** the petition for writ of *habeas corpus* under 28 U.S.C. §2254. Dkt. No. 1.

The court **DECLINES TO ISSUE** a certificate of appealability.

The court **ORDERS** that this case is **DISMISSED**. The clerk will enter judgment accordingly.

Dated in Milwaukee, Wisconsin this 21st day of October, 2026.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**Chief United States District Judge**